# UNITED STATES DISTRICT COURT

Northern     District of     New York

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| Rafil A. Dhafir | Case Number:    5:03CR00064-001 |
| | USM Number:    11921-052 |
| | Deveraux L. Cannick, Aiello & Cannick, 69-06 Grand Avenue, Maspeth, New York 11378 (718) 426-0444 |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

X was found guilty on count(s)    1, 2, and 4 through 60 of the Fourth Superseding Indictment on February 10, 2005.
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Evade the Iraqi Sanctions | 2/03 | 1 |
| 18 U.S.C. § 1956(h) | Conspiracy to Launder Funds | 2/03 | 2 |
| 18 U.S.C. § 1956(a)(2)(A) and 2 | Money Laundering | 11/7/99 | 4 |

    The defendant is sentenced as provided in pages 4 through __8__ of this judgment. The sentence is imposed in accordance with 18 U.S.C. § 3553 and the Sentencing Guidelines.

X The defendant has been found not guilty on count(s)    3 of the Fourth Superseding Indictment on February 10, 2005.

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 27, 2005
Date of Imposition of Judgment

*/s/ Norman A. Mordue*
Norman A. Mordue
U.S. District Judge

November 2, 2005
Date

bb

DEFENDANT: Rafil A. Dhafir
CASE NUMBER: 5:03CR00064-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1956(a)(2)(A) and 2 | Money Laundering | 11/25/99 | 5 |
| 18 U.S.C. § 1956(a)(2)(A) and 2 | Money Laundering | 1/19/00 | 6 |
| 18 U.S.C. § 1956(a)(2)(A) and 2 | Money Laundering | 2/23/00 | 7 |
| 18 U.S.C. § 1956(a)(2)(A) and 2 | Money Laundering | 7/5/00 | 8 |
| 18 U.S.C. § 1956(a)(2)(A) and 2 | Money Laundering | 8/17/00 | 9 |
| 18 U.S.C. § 1956(a)(2)(A) and 2 | Money Laundering | 11/12/01 | 10 |
| 18 U.S.C. § 1956(a)(2)(A) and 2 | Money Laundering | 1/15/02 | 11 |
| 18 U.S.C. § 1956(a)(2)(A) and 2 | Money Laundering | 3/28/02 | 12 |
| 18 U.S.C. § 1956(a)(2)(A) and 2 | Money Laundering | 9/16/02 | 13 |
| 18 U.S.C. § 1956(a)(2)(A) and 2 | Money Laundering | 1/15/03 | 14 |
| 18 U.S.C. § 371 | Conspiracy to Defraud the United States by Obstructing the Internal Revenue Service in Assessing and Collecting Income Taxes | 2/03 | 15 |
| 26 U.S.C. § 7206(2) | Aiding in the Preparation and Presentation of a False Document to the Internal Revenue Service | 8/2/02 | 16 |
| 26 U.S.C. § 7201 | Tax Evasion | 4/15/97 | 17 |
| 26 U.S.C. § 7201 | Tax Evasion | 4/15/98 | 18 |
| 26 U.S.C. § 7201 | Tax Evasion | 4/15/99 | 19 |
| 26 U.S.C. § 7201 | Tax Evasion | 4/15/00 | 20 |
| 26 U.S.C. § 7201 | Tax Evasion | 4/15/01 | 21 |
| 26 U.S.C. § 7201 | Tax Evasion | 4/15/02 | 22 |
| 18 U.S.C. § 1546(a) and 2 | False Material Statement Presented in an Immigration and Naturalization Service Visa Application | 8/17/01 | 23 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 2/22/99 | 24 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 2/22/99 | 25 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 12/16/99 | 26 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 12/27/99 | 27 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 3/16/00 | 28 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 5/11/00 | 29 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 12/14/00 | 30 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 3/27/01 | 31 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 11/27/01 | 32 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 2/12/02 | 33 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 2/15/02 | 34 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 2/15/02 | 35 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 4/11/02 | 36 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 6/7/02 | 37 |

DEFENDANT: Rafil A. Dhafir
CASE NUMBER: 5:03CR00064-001

# ADDITIONAL COUNTS OF CONVICTION

| Statute | Offense | Date | Count |
|---|---|---|---|
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 6/7/02 | 38 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 6/7/02 | 39 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 6/7/02 | 40 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 6/12/02 | 41 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 6/12/02 | 42 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 6/12/02 | 43 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 9/27/02 | 44 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 1/28/03 | 45 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 9/20/02 | 46 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 9/20/02 | 47 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 9/27/02 | 48 |
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 9/30/02 | 49 |
| 18 U.S.C. § 1001(a)(2) | False Statement to a Benefit Integrity Specialist for a Medicare Carrier | 9/16/02 | 50 |
| 18 U.S.C. § 1341 | Mail Fraud | 4/8/00 | 51 |
| 18 U.S.C. § 1341 | Mail Fraud | 2/15/01 | 52 |
| 18 U.S.C. § 1341 | Mail Fraud | 8/5/02 | 53 |
| 18 U.S.C. § 1341 | Mail Fraud | 8/19/02 | 54 |
| 18 U.S.C. § 1341 | Mail Fraud | 9/25/02 | 55 |
| 18 U.S.C. § 1341 | Mail Fraud | 10/2/02 | 56 |
| 18 U.S.C. § 1341 | Mail Fraud | 2/27/03 | 57 |
| 18 U.S.C. § 1343 | Wire Fraud | 10/30/02 | 58 |
| 18 U.S.C. § 1343 | Wire Fraud | 11/20/02 | 59 |
| 18 U.S.C. § 1343 | Wire Fraud | 1/3/03 | 60 |

DEFENDANT:      Rafil A. Dhafir
CASE NUMBER:    5:03CR00064-001

Judgment — Page 4 of 8

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

264 months. This consists of terms of 240 months as to each of Counts 2, 4 through 14, and Counts 53 through 60; terms of 120 months as to each of Counts 24 through 49; terms of 60 months as to each of Counts 1, 15, 17 through 23, and Counts 50 through 52; and a term of 36 months as to Count 16. The terms on each of Counts 2, Counts 4 through 14, Counts 16 through 49, and Counts 51 through 60 shall be served concurrently with each other. The terms on each of Counts 1, 15, and 50 shall be served concurrently with each other and, on each of which, 24 months shall be served consecutively to the 20-year terms imposed on Count 2, Counts 4 through 14, and Counts 53 through 60, for a total term of imprisonment of 264 months.

X  The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant be designated to the Federal Correctional Facility at Otisville, New York.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

  ☐  at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐  before 2 p.m. on _____ .

  ☐  as notified by the United States Marshal.

  ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Rafil A. Dhafir
CASE NUMBER: 5:03CR00064-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

3 years. This consists of a term of 3 years on Counts 1, 2, 4 through 15, and Counts 17 through 60; and a term of 1 year on Count 16, all such terms to run concurrently.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Deselect, if inapplicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and
14) the defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

DEFENDANT: Rafil A. Dhafir
CASE NUMBER: 5:03CR00064-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide the probation officer with access to any requested financial information.

## DEFENDANT'S ACKNOWLEDGMENT OF APPLICABLE CONDITIONS OF SUPERVISION

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

The conditions of supervision have been read to me. I fully understand the conditions and have been provided a copy of them.

_____   _____
Defendant                         Date

_____   _____
U.S. Probation Officer/Designated Witness   Date

AO 245B    NNY(Rev. 10/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 7 of 8

DEFENDANT: Rafil A. Dhafir
CASE NUMBER: 5:03CR00064-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 5,900 | $ Waived | $ To be determined |

X  The determination of restitution is deferred until   on or before 1/24/06.
An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ | $ | |

☐  Restitution amount ordered pursuant to plea agreement $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X  the interest requirement is waived for the   ☐ fine   X restitution.

    ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:       Rafil A. Dhafir
CASE NUMBER:     5:03CR00064-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**   X   In full immediately; or

**B**   ☐   Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance with  ☐ D,   ☐ E,   ☐ F, or   ☐ G below; or

**C**   ☐   Payment to begin immediately (may be combined with   ☐ D,   ☐ E, or   ☐ G below); or

**D**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**E**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**F**   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**G**   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to **Lawrence K. Baerman, Clerk, U.S. District Court, Federal Bldg., P.O. Box 7367, 100 S. Clinton Street, Syracuse, N.Y. 13261-7367**, unless otherwise directed by the court, the probation officer, or the United States attorney. If a victim cannot be located, the restitution paid to the Clerk of the Court for that victim shall be sent to the Treasury, to be retrieved if and when the victim is located.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

  ☐   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

  ☐   The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.