**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

**********************************
UNITED STATES OF AMERICA

|  |  |
|---|---|
| v. | Criminal No. |
|  | 03-CR-64 (NAM) |

RAFIL DHAFIR,

                Defendant.
**********************************

**REPLY MEMORANDUM OF THE UNITED STATES
REGARDING RESENTENCING ON REMAND**

<u>Introduction</u>

Following a seventeen week trial, at which this Court received approximately 700 exhibits

and heard testimony from approximately 40 witnesses, and after a week of deliberation, the trial jury

in this case returned a unanimous verdict of guilty on 59 of the 60 charged felony counts against

defendant, Rafil Dhafir.  The 59 felony counts of conviction included:   a conspiracy to violate the

International Emergency Economic Powers Act (IEEPA); a money laundering conspiracy (to

promote the IEEPA violation); substantive money laundering offenses; a conspiracy to impair and

impede the operation of the Internal Revenue Service (Klein conspiracy); causing the filing of a false

tax document (Form 1023, HTN Application for tax exempt status); tax evasion (Form 1040,

personal income tax return); visa fraud (Ayman Jarwan's visa application); health care fraud; false

statements (to Medicare benefit integrity analyst); mail fraud (of the Help The Needy donors); and

wire fraud (of the Help The Needy donors).

This Court is well familiar with the Second Circuit's affirmance of Dhafir's conviction and related restitution orders, and the limited remand and mandate pertaining to sentencing.

The United States again respectfully refers the Court to the Second Circuit's expressly stated, limited purpose for the remand, mischaracterized in defendant's Memorandum for Resentence on Remand ("Memorandum"). Further, the United States respectfully submits that the defendant has undercut any argument he might otherwise have regarding purported rehabilitation, and thus any basis for reducing his sentence based upon purported rehabilitation, by his failure to accept responsibility for any of the conduct underlying his 59 felony convictions.

Argument

The defendant in his Memorandum once again repeats the argument he made before his initial sentencing - that U.S.S.G. §2S1.1(a)(1) is the Guideline that should be applied to his money laundering convictions. As we previously have stated, however, the Circuit explicitly noted that it did not find this Court's Decision in that regard to be in error. 577 F.3d at 415. Nor did it hold that the sentence determined by this Court was unreasonable. *Id.* Significantly, as we also noted in our Memorandum Regarding Resentencing on Remand, the Second Circuit found that "[W]hen a court has ruled on an issue, that decision should generally be adhered to by that Court in subsequent stages in the same case, * * * unless "cogent" and "compelling" reasons militate otherwise * * * ." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (citations and internal quotations marks omitted).

The Second Circuit's remand is "only to permit the District Court to consider whether a different sentence would result from the application of this more flexible approach." 577 F.3d at 415. This "more flexible approach", too, is expressly described – "looking at all of the facts, tak[ing]

both [the guideline urged by the government and that urged by the defendant] into account, consider[ing] the § 3553(a) factors, and coming up with a 'hybrid' approach . . . ." *Id.*

The government maintains that this Court appropriately applied 2S1.1(a)(2) on the unique facts presented in this promotional money laundering case, and determined an appropriate sentence. We do still urge the Court, however, to apply this hybrid approach, at least in the alternative, and impose the same sentence as imposed under 2S1.1(a)(1).

Dhafir Has Not Accepted Responsibility
For His Criminal Conduct

The U.S. Supreme Court has stated:

> Acceptance of responsibility is the beginning of rehabilitation.

*McKune v. Lile*, 536 U.S. 24, 47, 122 S. Ct. 2017, 2032 (2002).

This declaration by the Supreme Court embraces the fundamental concept that acceptance of responsibility is both a first step and a necessary component of true rehabilitation, or rehabilitation sufficient to merit consideration of a reduction in sentence. This concept, although first articulated by the U.S. Supreme Court in a criminal case involving a sex offender, has been noted by federal courts in cases involving a wide variety of underlying criminal conduct. *See, e.g., Alexander v. Fritch*, 396 Fed. Appx. 867, 872 (3d Cir. 2010) ("The District Court agreed that [defendant's] acceptance of responsibility was a necessary condition of his rehabilitation . . ."); *U.S. v. Rodriguez*, 252 Fed. Appx. 446, 447 (3d Cir. 2007) ("Given [the defendant's] persistent unwillingness to accept responsibility . . . , the [District] Court's rejection of [the defendant's] reliance on his purported rehabilitation was certainly reasonable and consistent with the factors that must be considered under § 3553(a)"); *McChesney v. Hogan*, 2010 WL 1027443, at *6 (Feb. 26, 2010, N.D.N.Y. NAM/DEP)

(opinion by Mag. Judge Peebles) (*quoting McKune*, "Acceptance of responsibility is the beginning of rehabilitation").

The Inmate Skills Development Plan ("ISDP"),[1] dated 11/29/2011, supplied with the Fourth Addendum to the PSR, documents (at p. 15, in the section entitled "Personal Responsibility") that this defendant: "Has not indicated any responsibility, maintains innocense [sic]." This is consistent with the defendant's remarks to the Court at his initial sentencing before this Court, where his referred to "four months of trial where misrepresentation, innuendo and lies were uttered." Transcript of Sentencing, p. 33 of 44, Document 684, filed 1/08/08). Without this basic first step of acceptance of responsibility, there can be no rehabilitation, and thus no appropriate reduction in his sentence based on rehabilitation.

The passage of time alone does not constitute rehabilitation. Nor does it warrant a reduction of a sentence. Letters attesting to prior good deeds and characteristics of the defendant, both real and imagined (almost exclusively from individuals who have never met him and apparently are unaware of the volume of evidence presented at trial concerning his personal use of charitable donations, defrauding of Help The Needy's donors and deceit involving a number of individuals close to him, leading to their convictions to various federal felonies), likewise are insufficient to outweigh the nature and magnitude of the defendant's criminal conduct or to establish his asserted rehabilitation.

---

[1] The ISDP also notes that the defendant: (1) has no medical restrictions and is assigned to regular duty (p.5); (2) participates in sports/exercise (p. 16) and (3) has paid little of his special assessments and almost none of his $865,000 - plus Court-ordered restitution (p. 1).

For the above reasons, and for the reasons set forth in its two prior memoranda concerning the sentencing and resentencing of the defendant, the United States respectfully submits that this Court should re-impose the same sentence, for the same reasons, under 2S1.1(a)(2) and also, in the alternative, find that it would impose the same sentence if it were to apply the hybrid approach identified by the Second Circuit.

Dated: January 20, 2012

Respectfully submitted,

RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York

*s/Stephen C. Green*

By:   Stephen C. Green
Assistant U.S. Attorney
Bar Roll No. 507767

cc:   Peter Goldberger, Esq. (via CM/ECF)